IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

CLEAN WATER ACTION COUNCIL OF
NORTHEASTERN WISCONSIN, INC. and
CURT ANDERSEN,

        Plaintiffs,

v.                                             Case No. 1:11-cv-00815-WCG

APPLETON COATED, LLC,

        Defendant.

**RULE 26(f) JOINT PRETRIAL REPORT AND DISCOVERY PLAN**

        Plaintiffs Clean Water Action Council of Northeastern Wisconsin, Inc. and Curt Andersen (collectively "Plaintiffs"), by their counsel, and Defendant Appleton Coated LLC ("Defendant"), by its counsel, submit the following Rule 26(f) Joint Pretrial Report. The parties, by their attorneys, met and conferred by telephone on December 6, 2011 to discuss the matters set forth in Rule 26 and the Court's Notice of Rule 16(b) Telephone Scheduling Conference. The Telephone Scheduling Conference in this case is set for December 16, 2011 at 9:15 a.m. The parties have agreed to the following:

**PRETRIAL CONFERENCE REPORT**

        1.    <u>Nature of the Case</u>. Plaintiffs are seeking relief under the citizen suit enforcement provision of the Clean Air Act, 42 U.S.C. §§ 7401 et seq. According to their Complaint, Plaintiffs allege that Defendant has repeatedly violated the terms and conditions of air pollution control permits issued pursuant to the Clean Air Act, as well as emission limits set forth in federal law, including Wisconsin's State Implementation Plan. Plaintiffs seek injunctive relief,

declaratory relief, penalties and attorney fees and costs pursuant to the Clean Air Act, 42 U.S.C. § 7604.  Defendant has denied Plaintiffs' claims and has raised various affirmative defenses.

      2.     <u>Related Cases</u>.  There are no pending cases related to the instant matter.

      3.     <u>Material Factual and Legal Issues to Be Resolved at Trial</u>.  The material factual and legal issues to be resolved at trial include the following:  (a) whether Defendant violated its Air Pollution Control Permits, applicable emission limits, and requirements under the Clean Air Act; (b) whether Plaintiffs have standing to pursue this matter; and (c) whether Plaintiffs are entitled to any relief, and if so, what kind, including injunctive relief and the amount of penalties to be paid by Defendant pursuant to the Clean Air Act.

      4.     <u>Amendments to Pleadings</u>.  The Parties do not anticipate the need to amend the pleadings or add parties.  However, because preliminary discovery may cause such a need, the parties request that the Court order that pleadings may be amended, without leave, by February 15, 2012.  Later amendments would be allowed only with leave of the Court.

      5.     <u>Estimated Trial Length</u>.  The Parties anticipate that trial of this matter will take four days for liability and damages.  A jury trial has been requested.

      6.     <u>Other Issues</u>.  The parties are not aware of other issues that should be raised at this time.

**DISCOVERY PLAN**

      7.     <u>Rule 26(f)(3)(A)</u>.  The parties request initial disclosures be due December 30, 2011.

      8.     <u>Rule 26(f)(3)(B)</u>. The parties are not aware of any need to limit discovery and believe that discovery will cover the following subjects:  (1) Defendant's alleged violations of its air pollution control permits; (2) Defendant's alleged violations of emission limits and requirements adopted pursuant to the Clean Air Act; (3) appropriate injunctive relief, if any; (4)

the appropriate amount of civil penalties, if any, for alleged violations, applying factors provided in the Clean Air Act; and (5) the affirmative defenses pled by Defendant.  Both parties anticipate that additional areas of discovery may be necessary based on the Rule 26(a)(1) disclosures.  The parties anticipate conducting discovery in two phases, with discovery on appropriate penalties and injunctive relief, if any, to follow discovery on alleged liability.

        9.       <u>Rule 26(f)(3)(C)</u>.  The parties have discussed the issue of electronic discovery and do not believe that there will be a need for significant discovery of electronically stored information ("ESI"); although, Plaintiffs anticipate seeking discovery of ESI related to Defendant's continuous emissions monitoring system ("CEMS") and continuous opacity monitoring systems ("COMS").  The parties agree to preserve ESI that is believed to be reasonably related to the issues in this action.  In the event discovery of ESI is reasonably requested, the parties will produce CEMS and COMS data in spreadsheet format and other ESI, to the extent feasible, in unlocked, native format for information stored in commonly used formats, including .doc, .pdf, .gif, and .xls and within the parameters stated in the Federal Rules of Civil Procedure.

        10.      <u>Rule 26(f)(3)(D)</u>. The parties agree that the inadvertent or mistaken production of privileged or protected documents will not constitute a waiver of that document's privilege or protection.  If a privileged document is inadvertently or mistakenly produced, the disclosing party shall so inform the receiving party and the receiving party shall return the privileged document and any copies of that document to the disclosing party.  If a protected document was produced without the appropriate designation, the disclosing party shall so inform the receiving party and the receiving party shall affix said document with the appropriate designation.  In the event the receiving party disseminated the protected document to other entities or individuals

who are not entitled to review the document, the receiving party shall retrieve the document immediately.

11.  Rule 26(f)(3)(E).  The parties do not believe any changes are necessary to the discovery limits contained in the Federal Rules of Civil Procedure.

12.  Rule 26(f)(3)(F).  The parties agree that a protective order may be appropriate pursuant to Fed. R. Civ. P. 26(c) due to the potential proprietary nature of the information at issue in this action.  In the event that a protective order is necessary, the parties will attempt to submit a stipulated protective order for the Court's entry.  If the parties are unable to reach agreement on a stipulated protective order, the party requesting the order may submit a motion for entry of a protective order with the Court.

## PROPOSED SCHEDULE

13.  Dispositive Motions.  Any dispositive motion shall be filed with the Court on or before August 31, 2012.  Responses and replies shall be filed in accordance with the Court's normal summary judgment briefing schedule.

14.  Disclosure of Experts and Expert Reports.  The parties agree that the disclosure of experts and expert reports shall be made as follows:

> a. With respect to the issue of Defendant's alleged liability and affirmative defenses:
>
>> i. Party with the burden of proof on the relevant issue(s) (proponent) will identify its expert(s), produce expert report(s) and make its expert(s) available for deposition as of April 1, 2012.
>>
>> ii. The responding party will identify its expert(s), produce expert report(s) and make its expert(s) available for deposition as of June 1, 2012.

4

iii. Any rebuttal report by July 2, 2012.

b. With respect to the issues of appropriate penalties and injunctive relief, if any:

i. The proponent will identify its expert(s), produce expert report(s) and make its expert(s) available for deposition as of October 1, 2012.

ii. The responding party will identify its expert(s), produce expert report(s) and make its expert(s) available for deposition as of December 3, 2012.

iii. Any rebuttal report by January 2, 2013.

15. <u>Discovery Cut Off</u>. Discovery shall be closed thirty (30) days before trial.

16. <u>Final Pre-Trial Conference</u>. The final pre-trial conference shall be held fourteen (14) days before trial.

17. <u>Trial</u>. The parties request a trial date in April 2013.


Dated this 9th day of December, 2011.

| MCGILLIVRAY WESTERBERG & BENDER LLC<br>Attorneys for Plaintiffs | MICHAEL BEST & FRIEDRICH LLP<br>Attorneys for Defendant |
|---|---|
| By: ___/s/David C. Bender___<br><br>David C. Bender, SBN 1046102<br>211 S. Paterson Street. Suite 320<br>Madison, WI 53703<br>Telephone: (608)310-3560<br>Facsimile: (608)310-3561 | By: ___/s/Eric M. McLeod___<br>Todd E. Palmer, SBN 1020197<br>Eric M. McLeod, SBN 1021730<br>Michael P. Screnock, SBN 1055271<br>One South Pinckney Street, Suite 700<br>P.O. Box 1806<br>Madison, WI 53701-1806<br>Telephone: (608)257-3501<br>Facsimile: (608)283-2275 |

013368-0023\10615487.1