# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

CLEAN WATER ACTION COUNCIL OF
NORTHEASTERN WISCONSIN, INC. and
CURT ANDERSON,

       Plaintiffs,

  v.

APPLETON COATED, LLC,

       Defendant.

Case No. 11-C-00815

## AMENDED CONSENT DECREE

WHEREAS, Clean Water Action Council of Northeastern Wisconsin and Curt Andersen (collectively, "Plaintiffs") brought this action against Appleton Coated LLC ("AC") (collectively, the "Parties"), pursuant to Section 304 of the Clean Air Act (the "Act"), 42 U.S.C. § 7604, for declaratory and injunctive relief and the assessment of civil penalties for certain alleged violations of the Act and its implementing regulations, and the terms of certain air permits, and the federally-enforceable Wisconsin State Implementation Plan, which regulate air pollution emissions from the AC facility located in Combined Locks, Wisconsin ("AC Plant");

WHEREAS, the Parties agree that settlement of this action is in the best interest of the Parties and that entry of this Amended Consent Decree, without further litigation, is the most appropriate means of resolving the matter;

WHEREAS, the Parties recognize that this Amended Consent Decree has been negotiated in good faith and at arms' length and that this Amended Consent Decree is fair, reasonable and consistent with the goals of the Clean Air Act;

WHEREAS, the Parties have provided a copy of a prior version of a consent decree to the United States, pursuant to 42 U.S.C. § 7604(c)(3), the United States has provided comments to the Parties, and the Parties and the United States have agreed to certain revisions incorporated into this Amended Consent Decree to address those comments;

WHEREAS, AC has denied and continues to deny the violations alleged in the Complaint, maintains that it has been and remains in compliance with the Act, its air permits and the Wisconsin State Implementation Plan and is not liable for civil penalties or injunctive relief;

WHEREAS, in a good faith offer to facilitate settlement of this action, AC is willing to commit financial resources for projects intended to beneficially restore the environment and/or mitigate past environmental damage Plaintiffs allege were caused by the violations alleged in the Complaint;

WHEREAS, AC utilized green energy credits in calendar year 2011 equivalent to 15,766,900 kWh, at a total cost of $66,300.00;

WHEREAS, the Parties desire to settle all matters by this Amended Consent Decree and avoid the costs, delay and uncertainty of further litigation; and

WHEREAS, the Parties have consented to entry of this Amended Consent Decree without trial of any issues;

NOW, THEREFORE, without any admission of fact or law and without any admission of the violations alleged in the Complaint, it is hereby ORDERED, ADJUDGED AND DECREED:

## JURISDICTION, VENUE AND APPLICABILITY

1. The Parties to this Amended Consent Decree are Clean Water Action Council of Northeastern Wisconsin, Inc., Curt Andersen and Appleton Coated LLC.

2. This Court has jurisdiction over this action, the subject matter herein, and the Parties consenting hereto pursuant to 42 U.S.C. § 7604(a)(1) and 28 U.S.C. § 1331. Venue is proper under 42 U.S.C. § 7604(c)(1) and 28 U.S.C. § 1391. For purposes of entry and enforcement of this Amended Consent Decree, the Parties agree that Plaintiffs have standing to bring the claims alleged in the complaint.

3. Upon entry by the Court, the provisions of this Amended Consent Decree shall apply to and be binding upon the Parties and on the Parties' successors and assigns.

4. The Parties consent to entry of this Amended Consent Decree without further notice.

## ENVIRONMENTAL PROJECT

5. AC will increase its utilization of Green Energy Credits, during calendar years 2012 and 2013, by an amount equivalent to Seventy-Five Thousand Dollars ($75,000.00) (total for both years) more than the total value of Green Energy Credits utilized by it during 2011. Accordingly, between January 1, 2012 and December 31, 2013, AC will retire Green Energy Credits equivalent to 49,390,900 kWh (see attached Exhibit 1). For purposes of this Amended Consent Decree, "Green Energy Credits" shall mean certified Renewable Energy Certificates, or

RECs, certified by Green-e Energy, a program of the Center for Resource Solutions, based on Green-e Energy's National Standard Version 2.1[1], or the prior version of such standard, or an equivalent certification program. However, such RECs shall not be derived from municipal solid waste combustion. AC will utilize and retire Green Energy Credits sourced from the upper Midwest region (defined as Illinois, Iowa, Minnesota, North Dakota, Ohio, South Dakota, and Wisconsin) and designated as acceptable by Green-e Energy; provided, however, that in no event shall AC be obligated to utilize Green Energy Credits sourced from the upper Midwest region if the cost of such credits exceeds the average national cost of Green Energy Credits by ten percent (10%) or more. Calculation of AC's retirement of Green Energy Credits shall be based on kWh equivalents, and therefore may include whole or fractional RECs. Additional information regarding the Green-e Energy program and certified RECs is available at www.green-e.org. Any Green Energy Credits retired by AC for calendar years 2012 and 2013 shall be considered in determining AC's compliance with this paragraph. For purposes of this Amended Consent Decree, "retire Green Energy Credits" shall mean making such RECs permanently unusable by any other party or for any other purpose.

6. AC certifies that it is not required to utilize and retire Green Energy Credits as required in paragraph 5 by any federal, state or local law or regulation and, further, that its increased utilization of Green Energy Credits as required by this Amended Consent Decree is not a project that AC was or is committed or required to implement other than in settlement of the claims resolved in this Amended Consent Decree. AC also certifies that it has not received

---

[1] http://www.green-e.org/docs/energy/Appendix%20D_Green-e%20Energy%20National%20Standard.pdf

4

and will not receive credit for purchasing Green Energy Credits as required in paragraph 5 in any other enforcement action; will not receive any reimbursement from any other person for any portion of the cost to purchase such Green Energy Credits; and, for federal income tax purposes, will not deduct any costs or expenditures incurred in utilizing and retiring Green Energy Credits as required by this Amended Consent Decree.

7. AC shall annually provide the Plaintiffs with copies of billing statements and related documents evidencing the retirement of Green Energy Credits by AC in compliance with the requirements of Paragraph 5. AC shall provide such documents to Plaintiffs within thirty (30) days following the end of each calendar year and at the same time send a copy of such documents to:

> Citizen Suit Coordinator
> United States Department of Justice
> Environment and Natural Resources Division
> Law and Policy Section
> P.O. Box 7415
> Ben Franklin Station
> Washington, DC 20044-7415

**EFFECT OF SETTLEMENT**

8. This Amended Consent Decree represents full and final settlement between the Parties and resolves any and all civil liability AC may have to Plaintiffs for all violations alleged in the Complaint filed by the Plaintiffs in this proceeding, all violations alleged in Plaintiffs' June 30, 2010 Notice of Intent to Sue that preceded the filing of the Complaint in this proceeding and any similar alleged violations which may have occurred at the AC Plant through the date that the Court approves this Amended Consent Decree. Notwithstanding the foregoing, the Parties acknowledge

that in the context of AC's permitting approvals currently pending before the Wisconsin Department of Natural Resources, Plaintiffs have raised and may continue to administratively pursue matters alleged in the Notice of Intent to Sue and not alleged in the Complaint, including but not limited to the issue of whether prior physical changes at the AC Plant were modifications requiring compliance with the New Source Review program of the Clean Air Act, and implementing regulations. Plaintiffs do not hereby waive their right to pursue those issues in the context of permitting proceedings before Wisconsin DNR and/or the United States Environmental Protection Agency, to the extent those issues relate to permitting requirements.

9. The Plaintiffs reserve all legal and equitable remedies available to enforce the provisions of this Amended Consent Decree, except as expressly stated herein.

10. AC reserves all rights to defend against any such effort to enforce this Amended Consent Decree, except as expressly stated herein.

## TERMINATION

11. This Amended Consent Decree shall automatically terminate on April 30, 2014, unless Plaintiffs provide written notice to AC and the Court that Plaintiffs dispute AC's compliance with the requirements and obligations of this Amended Consent Decree. If Plaintiffs provide such written notice prior to April 30, 2014, this Amended Consent Decree shall not terminate until AC has complied with all requirements of this Amended Consent Decree. The Parties consent to the Court's continuing jurisdiction to determine any dispute under this Amended Consent Decree.

**ATTORNEY FEES**

12. AC shall reimburse Plaintiffs' costs and attorneys' fees in this case in the amount of twenty-seven thousand five-hundred dollars ($27,500). This payment shall be made payable to McGillivray Westerberg & Bender IOLTA Client Trust Account within thirty (30) days after the Court approves this Amended Consent Decree. Plaintiffs shall not seek any further recovery from AC of Plaintiffs' attorneys' fees and costs arising out of or related to this case through the date of the Court's approval of the Amended Consent Decree. Nothing in this Paragraph shall apply to any future fees and costs incurred by Plaintiffs to enforce the terms of this Amended Consent Decree. Plaintiffs may seek recovery of such future fees and costs pursuant to applicable law, if any.

**GENERAL PROVISIONS**

13. The Court shall retain jurisdiction to enforce the terms of this Amended Consent Decree.

14. The Parties agree that approval of this Amended Consent Decree may be achieved by the actual signature of the Parties' authorized representatives, a copy or facsimile of said actual signature being valid as the original.

15. The recitals set forth above are an integral part of this Amended Consent Decree and are incorporated herein by reference.

16. Except as otherwise provided herein, this Amended Consent Decree cannot be amended, modified, clarified or explained, except by a writing executed by the Parties, which expresses, by its terms, an intention to modify this Amended Consent Decree and that is approved by the Court.

17. <u>Notice</u>.  When notice is required to be given under the terms of this Amended Consent Decree, notice will be given by facsimile and United States mail to the following representatives of the Parties:

        For Plaintiffs:        David Bender
                                   James Saul
                                   McGillivray Westerberg & Bender LLC
                                   211 S. Paterson Street, Suite 320
                                   Madison, WI  53703
                                   608-310-3561 (facsimile)

        For Defendant:       Todd E. Palmer
                                   Eric M. McLeod
                                   Michael P. Screnock
                                   MICHAEL BEST & FRIEDRICH LLP
                                   One South Pinckney Street, Suite 700
                                   Post Office Box 1806
                                   Madison, WI 53701-1806
                                   608-283-2275 (facsimile)

                                   Edwin F. Bush II
                                   APPLETON COATED LLC
                                   540 Prospect Street
                                   Combined Locks, WI  54113
                                   920-757-7930 (facsimile)

18. Either Party may change either the notice recipient or the address for providing notices to it by serving the other Party with a notice setting forth such new notice recipient or address.

19. No sale or transfer of an operational or ownership interest in the AC Plant shall affect AC's obligations under this Amended Consent Decree unless the third-party purchaser or operator has agreed to abide by the requirements of this Amended Consent Decree, in which case this Amended Consent Decree shall be modified to substitute the third-party in the place of AC in this Amended Consent Decree.

## **FINAL JUDGMENT**

20. Judgment on these terms may be entered without further notice or proceedings.

21. Nothing in this Amended Consent Decree shall relieve AC of its obligation to comply with all applicable federal, state, and local laws and regulations, including, but not limited to, the Clean Air Act, Ambient Air Quality Standards, the National Emission Standards for Hazardous Air Pollutants and the Wisconsin State Implementation Plan.

22. Subject to the provisions of Paragraph 7, nothing contained in this Amended Consent Decree shall be construed to prevent or limit the rights of the Plaintiffs to obtain penalties or injunctive relief under the Act or other federal, state, or local statutes, regulations, or permits.

23. Each undersigned representative of the Parties certifies that he or she is fully authorized to enter into the terms and conditions of this Amended Consent Decree and to execute and legally bind to this document the Party he or she represents.

24. This Amended Consent Decree may be signed in counterparts, and such counterpart signature pages shall be given full force and effect.

25. The Parties agree and acknowledge that final approval of this Amended Consent Decree by the Court is subject to 42 U.S.C. § 7604(c)(3), which provides that a consent judgment in a citizen suit action must provide for review and comment by the Attorney General and the U.S. EPA Administrator for 45 days.

**SO ORDERED**, this   29th   day of June, 2012.

                                          s/ William C. Griesbach
                                          Honorable William C. Griesbach
                                          U.S. District Judge

Exhibit 1

Calculation of AC's Commitment to Retire Green Energy Credits

| | |
|---|---|
| Total Green Energy Credits Retired in 2011 | 15,766,900 kWh |
| Cost of Green Energy Credits - 2011 | $ 66,298.00 |
| Cost per Unit - 2011 | $ 0.0042/kWh |
| | |
| Green Energy Commitment per ¶ 5 | $ 75,000.00 |
| Commitment Expressed in kWh | |
| ($75,000 divided by $0.0042/kWh) | 17,857,100 kWh |
| | |
| Total Green Energy Credits – 2012-13 | |
| 2011 Utilization x 2 Years | 31,533,800 kWh |
| +  Green Energy Commitment per ¶ 5 | 17,857,100 kWh |
| TOTAL | **49,390,900 kWh** |
| | |